**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

**BLAINE V. GRAY, II,**

       **Plaintiff,**                 **CIVIL ACTION NO. 09-CV-12596**

    vs.                          **DISTRICT JUDGE DAVID M. LAWSON**

**MICHIGAN DEPARTMENT**      **MAGISTRATE JUDGE MONA K. MAJZOUB**
**OF HUMAN SERVICES,**

       **Defendant.**
_____/

**REPORT AND RECOMMENDATION**

**I.    RECOMMENDATION:** This Court recommends that Defendant's Motion to Set Aside Default (docket no. 14) be **GRANTED**, and Plaintiff's Motion for Default Judgment (docket no. 20) be **DENIED**.

This Court further recommends that this case be *sua sponte* dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) because the complaint is frivolous and fails to state a claim upon which relief can be granted.

In light of the above recommendations, Defendant's Motion to Dismiss (docket no. 15), Plaintiff's Motion for Judge's Decision (docket no. 17), Plaintiff's Motion Regarding Closing Argument (docket no. 18), and Plaintiff's Motion to Append (docket no. 19) should be denied as moot without prejudice to the motions being reconsidered should the above recommendations not be adopted.

1

**II.     REPORT**:

These matters come before the Court on two motions. The first is Defendant's Motion to Set Aside Default, filed on November 12, 2009. (Docket no. 14). Plaintiff has filed a response. (Docket no. 16). The second motion is Plaintiff's Motion for Default Judgment, filed on February 9, 2010. (Docket no. 20). Defendant did not file a response and the time for responding has expired. The case had been referred to the undersigned for general case management. (Docket no. 3). The Court dispenses with oral argument on the motions pursuant to E.D. Mich. LR 7.1(e). These matters are now ready for ruling.

**The Clerk's Entry of Default**

Plaintiff filed this *pro se* action on July 2, 2009, alleging that the Defendant failed to provide him with a copy of his administrative hearing record causing him to miss the deadline for filing an appeal of the Administrative Law Judge's (ALJ) decision terminating his State Disability Assistance (SDA) benefits. (Docket no. 1). On November 10, 2009, at Plaintiff's request, a Clerk's Entry of Default was entered. (Docket no. 12). Defendant moves to set aside the default under Federal Rule of Civil Procedure 55(c) on the grounds that it has not been served in accordance with Federal Rule of Civil Procedure 4(j)(2), it has a meritorious defense to the action, and Plaintiff will not be prejudiced if the default is set aside. (Docket no. 14). Plaintiff moves for entry of a default judgment on the grounds that the Defendant has access to CM/ECF, has been served a copy of each motion, and has had more than the allotted amount of time to respond to Plaintiff's complaint. (Docket no. 20).

Federal Rule of Civil Procedure 55(c) permits the Court to set aside an entry of default for good cause. Generally, three equitable factors are considered to determine whether good cause has

2

been shown: "(1) whether culpable conduct of the defendant led to the default; (2) whether the defendant has a meritorious defense; and (3) whether the plaintiff will be prejudiced." *Burrell v. Henderson,* 434 F.3d 826, 831 (6th Cir. 2006) (quotation marks and citation omitted). "Due process requires proper service of process for a court to have jurisdiction to adjudicate the rights of the parties. . . . Therefore, if service of process was not proper, the court must set aside an entry of default," and may do so without weighing the three factors set forth above. *O.J. Distrib., Inc. v. Hornell Brewing Co., Inc.*, 340 F.3d 345, 353-55 (6th Cir. 2003) (citations omitted). Actual knowledge of a lawsuit does not cure a technically defective service of process. *LSJ Inv. Co., Inc. v. O.L.D. Inc.*, 167 F.3d 320, 322 (6th Cir. 1999).

Defendant alleges that it was not properly served with the summons and complaint. Plaintiff filed this action on July 2, 2009 and served a copy of the summons and complaint on Mike Cox, Michigan Office of Attorney General in Lansing, Michigan on October 15, 2009. (Docket nos. 1, 10). Federal Rule of Civil Procedure 4(j)(2)(A) provides that service of a state governmental agency must be made by delivering a copy of the summons and complaint to its chief executive officer, in this case the Director of the Michigan Department of Human Services.

As an alternative, subsection (2)(B) of Rule 4(j) provides that service may be made in accordance with state law. MCR 2.105(G) governs service of process on public corporations, and provides that service of process is made by serving the summons and complaint on those officials listed in the court rule. The Michigan Attorney General is not listed as a person who may be lawfully served under MCR 2.105(G).

The Defendant was not properly served in accordance with Federal Rule of Civil Procedure 4(j)(2) and MCR 2.105(G). Accordingly, the entry of default should be set aside and a default

3

judgment should not be entered in this case.

**28 U.S.C. § 1915(e)(2)(B)**

Plaintiff was granted IFP status on July 2, 2009 and requested service of the summons and complaint by the U.S. Marshal. (Docket no. 2). The Court did not direct the U.S. Marshal to serve a copy of the summons and complaint on the Defendant. (Docket no. 3). Service of process on the Defendant has not yet been accomplished. Before this Court directs the Marshal's service to serve the Defendant, it will review the Plaintiff's *pro se* complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

Section 1915(e)(2)(B) requires the court to review all complaints where the plaintiff is proceeding IFP and *sua sponte* dismiss a case if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. Federal Rule of Civil Procedure 8(a) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The complaint must give the defendant fair notice of the claim and its supporting facts, and must contain more than legal labels, conclusions, and a recitation of the elements of a cause of action; it must also contain enough facts to state a claim to relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *E.E.O.C. v. J.H. Routh Packing Co.*, 246 F.3d 850, 854 (6th Cir.2001). The court is required to liberally construe pro se pleadings. *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999).

Plaintiff's State Disability Assistance (SDA) benefits were terminated on June 27, 2007 for failure to provide verification. (Docket no. 1, Hearing Decision at 2). On Plaintiff's request an administrative hearing was held and on January 31, 2008, ALJ Jonathan W. Owens issued a written decision affirming the Defendant's decision to close Plaintiff's SDA case. (Docket no. 1, Hearing

4

Decision).  Plaintiff's complaint in the instant case alleges that upon receipt of the ALJ's decision he requested his records from the Defendant, including records used during the administrative hearing.  (Docket no. 1).  He states that he "did not receive a response until after the 30 day deadline" for filing an appeal.  (Docket no. 1).  Plaintiff states that he requested a second administrative hearing on the issue of Defendant's failure to provide him with his administrative records.  (Docket nos. 1, 16).  Plaintiff was notified that he would not be granted a second hearing absent newly discovered evidence, which he states he provided.  (Docket nos. 1, 15).

Plaintiff fails to identify in his complaint any federal statute which entitles him to relief or what remedy he seeks from the Defendant.  Documents attached to his complaint, along with his response to the Defendant's Motion to Dismiss, indicate that the Plaintiff brings this action pursuant to 18 U.S.C. §§ 241, 242, 245; 42 U.S.C. § 14141; and for violation of his due process rights.  (Docket no. 1, attachments; Docket no. 16).  Plaintiff also states in his response to the Defendant's Motion to Set Aside Default that he seeks $365,000 in punitive damages for the violation of the Administrative Procedures Act, MCL 24.207 (f),(h),(i),(j),(k), "breach of contract, fraud, loss of benefits at a critical time without cause or correct procedure, loss of time, [and] inconvenience of life." (Docket no. 16).

Plaintiff has failed to state a claim for which relief may be granted under 18 U.S.C. §§ 241, 242, 245, and 42 U.S.C. § 14141.  18 U.S.C. §§ 241, 242, and 245 are federal criminal statutes which do not provide for private civil causes of action.  *See Kelly v. Rockefeller,* 69 Fed. Appx. 414, 415 (10th Cir. 2003); *Mallory-Bey v. Novastar Mortg., Inc.*, No. 07-cv-14374, 2008 WL 5212726, at *2 (E.D. Mich. Dec. 12, 2008).  Likewise, a private cause of action is not created under 42 U.S.C. § 14141, which authorizes the Attorney General to file a civil action on behalf of the United States

5

to eliminate unlawful patterns and practices of government officials that deprive individuals of their civil rights. *See Leisure v. City of Reynoldsburg, Ohio*, No. 07-cv-411, 2008 WL 4137961, at *7 (S.D. Ohio Aug. 29, 2008).

In addition, even liberally construed, Plaintiff's complaint does not allege the existence of a valid contract to support a breach of contract claim, or state with particularity facts that support a claim of fraud. See Fed.R.Civ.P. 9(b). Furthermore, the complaint has not alleged sufficient facts to support any actionable claim based on "loss of benefits at a critical time without cause or correct procedure, loss of time, and inconvenience of life."

Finally, Plaintiff has not alleged facts to support his claim that Defendant is liable for violating his due process rights or MCL 24.207(f),(h),(i),(j),(k), the definitional section of the Administrative Procedures Act. The premise of Plaintiff's complaint is that he missed the deadline for filing an appeal of the Administrative Law Judge's (ALJ) decision terminating his State Disability Assistance (SDA) benefits because the Defendant failed to timely provide him with a copy of his administrative hearing record. MCL 400.37 provides that a petition for judicial review may be filed in the circuit court within thirty days of receipt of the final determination of his benefits. Once a petition is filed, the agency is required to file a record of the proceedings with the court. MCL 24.304. Plaintiff has not identified any statute or court rule that requires him to file the full administrative record at the time he files his petition for judicial review, nor has he alleged facts to show that Defendant's actions prevented him from filing an appeal.

Because Plaintiff's complaint lacks an arguable basis in law or fact and fails to state a claim for which relief may be granted, the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2).

**III. NOTICE TO PARTIES REGARDING OBJECTIONS:**

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: April 22, 2010                    s/ Mona K. Majzoub
                                                           MONA K. MAJZOUB
                                                           UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

      I hereby certify that a copy of this Report and Recommendation was served upon Blaine V. Gray II and Counsel of record on this date.


Dated: April 22, 2010          <u>s/ Lisa C. Bartlett</u>
                                        Case Manager