UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BLAINE V. GRAY, II,

        Plaintiff,

                                                Case No. 09-12596
v.                                            Honorable David M. Lawson

MICHIGAN DEPARTMENT OF HUMAN
SERVICES,

        Defendant.
_____/

## ORDER ADOPTING MAGISTRATE JUDGE MONA K. MAJZOUB'S REPORT AND RECOMMENDATION, GRANTING DEFENDANT'S MOTION TO SET ASIDE DEFAULT, DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT, DISMISSING THE CASE UNDER 28 U.S.C. § 1915(e)(2)(B), AND DISMISSING OTHER OUTSTANDING MOTIONS AS MOOT

       The plaintiff, who is proceeding *pro se*, filed the present action against the Michigan Department of Human Services on July 2, 2009. Although the plaintiff's complaint does not identify any discrete causes of action under which the plaintiff is proceeding, it is evident that the case arose out of termination of his state disability assistance benefits after the plaintiff had failed to produce certain verifications required from the state disability assistance applicants by the Michigan Department of Human Services. Judging from the documents attached to the complaint, the plaintiff believes that the defendant's actions violated 18 U.S.C. §§ 241, 242, 245 and 42 U.S.C. § 14141. In one of the later papers filed with the Court, the plaintiff also alleged that the defendant's actions resulted in a "breach of contract, fraud, loss of benefits at a critical time without cause or correct procedure, loss of time, inconvenience of life and most importantly the violations of the U.S. Constitution, Plaintiff's Civil Rights (Title 18 U.S.C. § 241 & 245) and Human Rights," as well as

"violation of the Administrative Procedures Act." Pl.'s Response to Def.'s Mot. to Set Aside Jmt. [dkt. # 16], at 2.

On July 2, 2009, the Court referred the case to Magistrate Judge Mona K. Majzoub for general case management. On April 22, 2010, Magistrate Judge Majzoub issued a report recommending that the Court grant the defendant's motion to set aside a default, deny the plaintiff's motion for default judgment, and dismiss the case as frivolous and for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B). Magistrate Judge Majzoub concluded that the plaintiff's service upon the Michigan Office of Attorney General Michael Cox did not constitute proper service on the defendant, and therefore the entry of default should be set aside and the plaintiff's motion for default judgment should be denied. Magistrate Judge Majzoub further found that none of the statutes cited by the plaintiff in the attachments to the complaint provide for a private cause of action; none of the plaintiff's allegations infer existence of the contract between the parties; and that the plaintiff's allegations do not plead fraud adequately under Federal Rule of Civil Procedure 9(b).

On April 27, 2010, the plaintiff filed a paper styled a "motion for reconsideration and explanation and objections to report and recommendation." The Court will construe it as the plaintiff's objection to the magistrate judge's proposed disposition. In this objection, the plaintiff notes the inconsistency between the Court's preliminary conclusion in the order granting application to proceed *in forma pauperis* that his complaint does not appear to be frivolous and the magistrate judge's ultimate conclusion to the contrary. The plaintiff also observes that he made a request for service by U.S. Marshal, so he was "unaware that the service of summons and complaint . . . were not done by the U.S. Marshall [sic] as the Plaintiff had requested." Objs. at 2. Finally, with regard

to the absence of any identifiable causes of action from his complaint, the plaintiff remarks: "By which Rule/Law can not the Plaintiff use his Civil Rights as a cause of action?" *Ibid*.

The Court has reviewed the matter *de novo*, considered the plaintiff's objections, and finds them to lack merit. The plaintiff's objections do not challenge Magistrate Judge Majzoub's legal findings; rather, they are mere expressions of displeasure with her recommendations. The Court finds that Magistrate Judge Majzoub correctly analyzed the issues and properly concluded that the plaintiff's complaint fails to state a claim and must be dismissed pursuant to 28 U.S.C. § 1915(e)(2). The plaintiff's complaint is "based on legal theories that are indisputably meritless," *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000), and even construed liberally, fails to plead facts sufficient to show a legal wrong has been committed from which plaintiff may be granted relief. Fed. R. Civ. P. 12(b); *Dekoven v. Bell,* 140 F. Supp. 2d 748, 755 (E.D. Mich. 2001).

Accordingly, it is **ORDERED** that Magistrate Judge Mona K. Majzoub's report and recommendation [dkt. # 21] is **ADOPTED**, the plaintiff's objections [dkt. # 22] are **OVERRULED**, the defendant's motion to set aside the Clerk's entry of default [dkt. # 14] is **GRANTED**, the plaintiff's motion for default judgment [dkt. # 20] is **DENIED**, and the plaintiff's complaint is **DISMISSED** under 28 U.S.C. § 1915(e)(2).

It is further **ORDERED** that the defendant's motion to dismiss [dkt. # 15], the plaintiff's motion for Judge's decision for motions filed by plaintiff [dkt. # 17], the plaintiff's motion regarding closing argument [dkt. # 18], and the plaintiff's motion to append plaintiff's motion to rest to add additional argument [dkt. # 19] are **DISMISSED as moot.**

s/David M. Lawson<br>
DAVID M. LAWSON<br>
United States District Judge

Dated: April 30, 2010

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on April 30, 2010.

                                                    s/Teresa Scott-Feijoo
                                                   TERESA SCOTT-FEIJOO